**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DIRECTV, INC.,

           Plaintiff,

v.                                    No. CIV 04-281 MCA/LFG

JOHNNY GREENE,

           Defendant.

**MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDED DISPOSITION**[1]

**Findings**

THIS MATTER is before the Court on Plaintiff DIRECTV, Inc.'s Motion to Enforce

Settlement Agreement,[2] that was filed under seal on May 12, 2005. [Doc. No. 7.] On June 13, 2005,

DIRECTV filed a Notice of Completion of Briefing [Doc. No. 8], in which it states that Defendant

Johnny Greene ("Greene") neither filed a response to the motion to enforce settlement agreement,

nor requested an extension of time by which to file a response.  DIRECTV also avers that it served

the motion to enforce on Defendant Greene's last known counsel of record, Michael Venegas, but

that Mr. Venegas stated his office no longer represents Mr. Greene.  DIRECTV then served the

---

[1]Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

[2]On June 20, 2005, the United States District Court Judge assigned to this case, the Honorable M. Christina Armijo, referred this matter in accordance with 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) to the undersigned Magistrate Judge for a recommended disposition.  [Doc. No. 9.]

motion on Defendant Greene at the address provided by his prior attorney, Mr. Venegas. To date, Greene has not filed any opposition to the motion to enforce, and the time by which to do has passed. The failure to respond in opposition constitutes consent to the the motion. D.N.M.LR-Civ. 7.1(b).

Given Greene's failure to respond to the motion, the Court could simply determine that he consented to entry of judgment against him. However, the Tenth Circuit recently cautioned against entry of judgment on the sole basis that a party failed to respond. Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002). Thus, the Court does not base its decision solely on Greene's failure to respond, but, rather, on the merits of the motion.

In support of its motion, DIRECTV submitted a confidential settlement and mutual release agreement executed by Greene wherein he agreed to pay DIRECTV the sum of $4,500 to settle all claims against him in the litigation. The agreement sets out a payment schedule, and in accord with that schedule, Greene paid the first $1,500 on March 26, 2004. Further, Greene was to make a second payment of $3,500 by May 6, 2004. Instead, he paid $1,000 on July 8, 2004, and made a third payment of $500 on September 23, 2004. Cheryl Clark, an attorney with Greer, Herz & Adams, L.L.P., counsel for DIRECTV in Texas, submitted an affidavit concerning payments made by Greene which, pursuant to the parties agreements, were to be paid to Greer, Herz & Adams. Clark testified that, pursuant to the settlement agreement, Greene still owes DIRECTV the sum of $1,500.

The settlement agreement submitted for the Court's inspection includes a right for the non-breaching party to enforce the agreement, to recover pre-judgment interest at 18% per annum, together with attorney fees and costs.

There is no factual dispute on these matters.  Although Greene was provided with a copy of the motion and supporting exhibits, he failed to raise any challenge or contest any of the factual assertions.

Based on the clear and convincing evidence submitted by DIRECTV, the Court now finds that DIRECTV's Motion to Enforce Settlement Agreement is well-taken and should be granted. Accordingly, the undersigned magistrate judge recommends that the Court enter judgment in favor of DIRECTV, Inc. and against Defendant Greene in the amount of $1,500, and that reasonable attorney fees in an equal amount of $1,500 also be entered, for a total judgment and attorney fee award of $3,000.  The Court recommends that pre-judgment interest be denied, but that post-judgment interest in accord with federal statutes be awarded from the date of the judgment.

### Recommended Disposition

That Plaintiff DIRECTV, Inc's motion to enforce settlement agreement [Doc. No. 7] be GRANTED.

Lorenzo F. Garcia
Chief United States Magistrate Judge